```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FAUSTO R. PINEDA,                )
                                 )
          Petitioner,             )
                                 )
     v.                           )     1:23CV36
                                 )
SUP'T OF BERTIE CORR. INST.,     )
                                 )
          Respondent.             )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1; see also Docket Entry 2 (Supporting Memorandum).) Respondent has moved to dismiss the Petition both on grounds of untimeliness and on the merits. (Docket Entry 6; see also Docket Entry 7 (Supporting Brief).) For the reasons that follow, the Court should grant Respondent's instant Motion to Dismiss, and dismiss the Petition as untimely.

### I. Procedural History

On September 28, 2020, in the Superior Court of Guilford County, Petitioner pled guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to carrying a concealed gun, conspiracy to possess methamphetamine, attempted trafficking by transporting more than 400 grams of methamphetamine, and attempted trafficking by possessing more than 400 grams of methamphetamine in cases 18CRS82753 through 82756. (See Docket Entry 1, ¶¶ 1, 2, 5, 6; see

also Docket Entry 7-2; Docket Entry 7-3 at 2.)[1]  The trial court consolidated the convictions and sentenced Petitioner to 58-82 months' imprisonment.  (See Docket Entry 1, ¶ 3; see also Docket Entry 7-3 at 2.)  Petitioner did not appeal.  (See Docket Entry 1, ¶¶ 8, 9.)

Petitioner thereafter submitted a pro se "Motion For Appropriate Relief Under House Bill DRH30278-ND-139 For Criminal Sentence Reduction Reform" ("MAR") to the trial court (Docket Entry 7-4), which he dated as signed on December 21, 2021 (see id. at 6, 7), and which that court accepted as filed on December 28, 2021 (see id. at 2).  The trial court denied the MAR on December 30, 2021.  (Docket Entry 7-5.)  On the same day as Petitioner dated his MAR, he submitted another pro se filing, entitled "Petition For Writ Of Habeas Corpus And Request For A Evidentiary Hearing Under N.C.G.S. § Chapter 17" ("PWHC"), to the Nash County Superior Court (see Docket Entry 1, ¶ 11(a); see also Docket Entry 7-6), which that court accepted as filed on December 28, 2021 (see Docket Entry 7-6 at 2).  The Nash County Superior Court denied the PWHC on March 3, 2022.  (Docket Entry 7-7.)  Petitioner then submitted a pro se petition for writ of certiorari to the North Carolina Court of Appeals seeking review of the Nash County Superior Court's denial of his PWHC (Docket Entry 1, ¶ 11(b); see also Docket Entry 7-8),

---

[1] Throughout this document, pin citations to page numbers refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

2

which he signed as dated on August 11, 2022 (see Docket Entry 7-8 at 6, 7), and which that court accepted as filed on August 25, 2022 (see id. at 2). The North Carolina Court of Appeals denied the certiorari petition by Order dated September 20, 2022. (Docket Entry 7-9.)

Petitioner subsequently filed the instant Petition on September 26, 2022. (Docket Entry 1 at 14.)[2] Respondent moved to dismiss the Petition both on grounds of untimeliness and on the merits (Docket Entry 6; see also Docket Entry 7 (Supporting Brief)) and, despite receiving notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Docket Entry 8), Petitioner did not submit a response in opposition to Respondent's instant Motion (see Docket Entries dated Feb. 24, 2023, to present). For the reasons that follow, the Court should grant Respondent's instant Motion, because Petitioner submitted his Petition outside of the one-year limitations period.

## II. Grounds for Relief

The Petition does not set forth any grounds for relief (see Docket Entry 1, ¶ 12(Ground One), (Ground Two), (Ground Three), (Ground Four)), but in the space provided to supply "[s]upporting facts" for Ground One, Petitioner directed the reader to "[s]ee [a]dditional sheet of supporting facts and grounds in the Petition

---

[2] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on September 26, 2022, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities (see Docket Entry 1 at 14).

3

for Writ of Certiorari filed in the N.C. Court of Appeal" (id., ¶ 12(Ground One)(a)). In the certiorari petition, Petitioner contends that (1) the Nash County Superior Court "violated 7A-451(a)(2)[] when [it] failed to appoint counsel to represent Petitioner after [the court] had granted the Habeas Corpus on the merit of Petitioner's jurisdictional claim" (Docket Entry 7-8 at 3); (2) the trial court "lacked jurisdiction to enter the judgment when the felony charge was not supported by an indictment after probable cause had been found on that charge" (id. at 4 (standard capitalization applied)); and (3) the Nash County Superior Court's judgment denying Petitioner's PWHC "is void on it's [sic] face, where the [o]rder has not been signed by the [] court and can not [sic] be deemed as a [sic] oversight, nor can it be considered as an [sic] clerical error, in which the [] court has a history of this act where [it] enters [o]rders and does not sign the [o]rder" (id. at 5 (standard capitalization applied); see also Docket Entry 2 at 2-4 (alleging substantially similar claims)).

### III. Discussion

Respondent seeks summary judgment on the grounds that the Petition was filed outside of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d)(1). (See Docket Entry 7 at 3-9.) In order to assess Respondent's statute of limitations argument, the Court must first determine when Petitioner's one-year

4

period to file his Petition commenced.  The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008).  The Court must determine timeliness on claim-by-claim basis.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Respondent contends that the Petition qualifies as untimely under subparagraph (A), because Petitioner's convictions finalized "on Monday, [October 12,] 2020," 14 days after "his [] guilty plea and judgment" on September 28, 2020, "when his time to file notice of appeal expired."  (Docket Entry 7 at 4 (citing Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a petitioner's

5

case becomes final when the time for pursuing direct review expires), and N.C. R. App. P. 4(a)(2) (allowing 14 days to appeal from criminal judgment).) For the reasons that follow, the Court should dismiss Petitioner's allegations regarding the trial court's lack of jurisdiction based on the absence of indictments for Petitioner's felony charges as time-barred, and should deny relief on Petitioner's contentions regarding the Nash County Superior Court's failure to appoint counsel or sign the judgment denying Petitioner's PWHC.

**A. Indictment-Based Claim**

With regard to Petitioner's indictment-based claim, as Respondent argues, "Petitioner does not allege that his claim is based on a new, retroactively applicable constitutional right [under subparagraph (C)], or that any governmental actor impeded his ability to file the [P]etition [under subparagraph (B)]." (Docket Entry 7 at 5; see also Docket Entries 1, 2, 7-8.) Thus, "the limitations period began on the date of finality [under subparagraph (A)] or the date when the factual predicate of Petitioner's claim could have been discovered [under subparagraph (D)]." (Docket Entry 7 at 5.)

Petitioner's indictment-based claim qualifies as untimely under subparagraph (A), because Petitioner's convictions finalized on Monday, October 12, 2020, 14 days following his guilty plea and judgment on September 28, 2020, after the allowed, 14-day period to

6

appeal expired, see Gonzalez, 565 U.S. at 149-50 (holding that a petitioner's case becomes final when the time for pursuing direct review expires); see also N.C. R. App. P. 4(a)(2) (allowing 14 days to appeal from criminal judgment). Petitioner's one-year period then ran, unimpeded, from Monday, October 12, 2020, until it expired one year later on Monday, October 12, 2021. Petitioner did not file his instant Petition until September 26, 2022 (Docket Entry 1 at 14), nearly one year out of time.[3]

In the Petition, Petitioner provided the following explanation regarding the timeliness of the Petition:

> Petitioner contends that upon the filing of this [Petition] it is timely filed based on the Petitioner's filed State Habeas Corpus on Dec. 28, 2021 as part of his post-conviction petition after his Judgment entered on Sept. 28, 2020. Acorrding [sic] to the standard for filing a [MAR] after a defendant's judgment has been entered, he or she has a one year statute of limitations in which to file a [MAR] to enable him to file a U.S.C. 2254 for a writ of habeas.
>
> Here, the State Habeas Corpus is not under the same standards of post-conviction petition, therefore, a defendant is required to file his 28 U.S.C. § 2254 after the judgment has been entered on his State Habeas Corpus, therefore, [the Petition] is timely filed.

(Docket Entry 1, ¶ 18 (standard capitalization applied).) Petitioner's contentions fail, because (as detailed above)

---

[3] Subparagraph D does not aid Petitioner's cause because, through the exercise of due diligence, he should have learned of the factual predicate of his indictment-based claim at the time the grand jury returned the felony indictments against him on November 5, 2018 (see Docket Entry 7-10) or, at the latest, at the time of his guilty plea on September 28, 2020, when he swore under oath that he had discussed his case with his lawyer and understood the nature of the charges against him, including each element of each charge (see Docket Entry 7-2 at 2).

7

Petitioner filed his MAR and PWHC on December 28, 2020, <u>after</u> AEDPA's one-year statute of limitations had already run, and those belated filings could not toll the limitations period, <u>see</u> <u>Minter v. Beck</u>, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after expiration of federal limitations period do not restart or revive that period). Moreover, Petitioner has not provided any grounds for equitable tolling of the limitations period, <u>see</u> <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (holding that equitable tolling requires proof that "extraordinary circumstance . . . prevented timely filing"). (<u>See</u> Docket Entry 1, ¶ 18; <u>see also</u> Docket Entries 2, 7-8.) Therefore, Petitioner's indictment-based claim faces a time bar under AEDPA.

**B.   Claims Against Nash County Superior Court**

Petitioner alleges that the Nash County Superior Court heard Petitioner's PWHC on March 3, 2022, and "violated 7A-451(a)(2)[] when [it] failed to appoint counsel to represent Petitioner after [the court] had granted the Habeas Corpus on the merit of Petitioner's jurisdictional claim." (Docket Entry 7-8 at 3; <u>see also</u> Docket Entry 2 at 4 (setting forth similar claim).) Petitioner further claims that the Nash County Superior Court's judgment, dated March 3, 2022, denying Petitioner's PWHC "is void on it's [sic] face, where the [o]rder has not been signed by the [] court and can not [sic] be deemed as a [sic] oversight, nor can it be considered as an [sic] clerical error, in which the [] court has

8

a history of this act where [it] enters [o]rders and does not sign the [o]rder." (Docket Entry 7-8 at 5 (standard capitalization applied); see also Docket Entry 2 at 3 (alleging substantially similar claim).) From a timeliness standpoint, Petitioner could not have discovered the factual predicate of those claims until, at the earliest, March 3, 2022, when the Nash County Superior Court allegedly failed to appoint counsel or sign the judgment denying Petitioner's PWHC. Accordingly, Petitioner's claims against the Nash County Superior Court in the Petition, filed on September 26, 2022 (see Docket Entry 1 at 14), remain timely under subparagraph (D) of Section 2244(d)(1).

Those claims, however, fail on their merits. Most significantly, the claims lack cognizability on federal habeas review, as they allege procedural defects occurring during Petitioner's MAR proceedings and fail to allege federal constitutional violations relating to Petitioner's underlying convictions or sentence. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))); Preiser v. Rodriquez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." (emphasis added)); Morton v. Crews, No. CIV.A. 10-148,

9

2012 WL 1410252, at *14 (E.D. Ky. Mar. 27, 2012) (unpublished) (holding that "correcting [the petitioner's claimed error regarding state's failure to provide grand jury transcript] would have no impact on the legality of [the petitioner]'s sentence" and that "[c]laims of the denial of due process in collateral proceedings are simply not cognizable in federal habeas corpus cases"), recommendation adopted, 2012 WL 1410186 (E.D. Ky. Apr. 23, 2012) (unpublished).[4]

Beyond their lack of cognizability, Petitioner's claims against the Nash County Superior Court simply lack factual foundations. Petitioner has not provided any support for his assertion that the Nash County Superior Court "granted the Habeas Corpus on the merit of Petitioner's jurisdictional claim." (Docket Entry 7-8 at 3.) Indeed, on the very next page of his certiorari petition, Petitioner admits that the Nash County Superior Court

---

[4] Nor could Petitioner assert any federal constitutional violation arising out of the Nash County Superior Court's alleged failure to appoint counsel for Petitioner's MAR proceedings. "Prisoners have no right to counsel in a collateral proceeding." United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992); see also Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. . . . Postconviction relief . . . is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature." (internal citations omitted)). Moreover, the Nash County Superior Court expressly held "[t]hat the allegations contained in the Petitioner's/Defendant's [p]etition are without merit and do not require an evidentiary hearing." (Docket Entry 7-8 at 27 (emphasis added).) Thus, Petitioner has failed to show that the Nash County Superior Court's alleged failure to appoint counsel for Petitioner's PWHC proceedings violated state law. See N.C. Gen. Stat. § 7A-451(a)(2) (providing that "indigent person is entitled to counsel in . . . [a] hearing on a petition for a writ of habeas corpus under Chapter 17 of the General Statutes" (emphasis added)).

10

Case 1:23-cv-00036-WO-LPA   Document 9   Filed 07/06/23   Page 10 of 12

"<u>denied</u> the Habeas Corpus in open court on March 3, 2022" (<u>id.</u> at 4 (emphasis added)), and attached a copy of that judgment which reflects that court's <u>denial</u> of Petitioner's PWHC (<u>id.</u> at 27-28). With regard to Petitioner's assertion that the Nash County Superior Court's judgment denying his PWHC lacked a signature (<u>see</u> <u>id.</u> at 5), Respondent has provided the Court with a copy of the judgment (Docket Entry 7-7), which appears to reflect the signature of the Honorable Quentin T. Sumner (<u>see</u> <u>id.</u> at 3), and Petitioner failed to submit a response in opposition questioning the authenticity of that document or that signature (<u>see</u> Docket Entries dated Feb. 24, 2023, to present).[5]

## IV. Conclusion

The statute of limitations bars Petitioner's indictment-based claim, and his claims regarding alleged errors committed by the Nash County Superior Court during Petitioner's PWHC proceedings lack both cognizability on federal review and merit.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 6) be granted, that the Petition (Docket

---

[5] Similarly, to the extent Petitioner faults the Nash County Superior Court for "den[ying Petitioner's PWHC] without a conclusion of [l]aw" (Docket Entry 2 at 3), that assertion also lacks factual support, as that court's judgment provides that "[t]he [c]ourt <u>concludes as a matter of law</u> that []Petitioner/Defendant is confined by virtue of a lawful Judgment and Commitment of a [c]ourt of competent jurisdiction; that [] Petitioner/Defendant is not unlawfully restrained of his liberty; that the time during which [] Petitioner/Defendant may be legally detained has not expired; that the allegations set forth in the [p]etition do not constitute probable grounds for relief, either in fact or in law, by way of Habeas Corpus; and that the [p]etition shall be denied" (Docket Entry 7-8 at 27-28 (underscoring added) (bolding and all caps font omitted)).

11

Entry 1) be dismissed, and that a judgment be entered dismissing this action, without issuance of a certificate of appealability.

                                            /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**

July 6, 2023